UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

In re DENTAL SUPPLIES ANTITRUST      **ORDER**
LITIGATION.     CV 16-696 (BMC) (GRB)


----------------------------------------------------------------X

**GARY R. BROWN, United States Magistrate Judge**:

    Before the Court is a motion to compel the production of deposition transcripts and exhibits in the parallel litigation pending in the Eastern District of Texas (the "Archer Action"). Class plaintiffs served a subpoena on plaintiff Archer & White for the deposition transcripts and exhibits in the Archer Action on June 22, 2017, four days before the close of fact discovery in this case. At the time the subpoena was served, no depositions had yet been taken in the Archer Action, so the subpoena was anticipatory and preemptive in nature. Depositions have since been taken in the Archer Action, and plaintiffs now seek to compel their production.

    In opposing this application, defendants invoke the specter of Archer's attempt to modify the protective order in this case to obtain "piggyback discovery" from class plaintiffs, which endeavor was rejected by this Court. DE 223. Though there is a superficial similarity, Archer's misguided effort to reduce its costs by "eluding procedures designed to ensure the orderly review of this matter," *id.* at 8, particularly where Archer was attempting to obtain the very same material directly from defendants in the Texas action,[1] differs substantially from the instant application. Here, plaintiffs have proffered evidence raising concerns about attempts to improperly influence witness testimony in these matters, drawn from sworn deposition testimony

---

[1] According to the filings, Archer obtained this same information through discovery in the Texas action.

1

by James Archer, Jr. on July 24, 2017.[2] DE 244-3. Under the circumstances presented here, the possibility of attempted witness tampering satisfies the "good cause" requirement of Fed. R. Civ. P. 16(b)(4).

Several of defendants' arguments opposing enforcement of the subpoena emanate from issues of timeliness. *See generally* DE 249. Plaintiffs counter with timeliness arguments of their own, claiming that defendants' failure to object to the subpoena at the time of issuance bars them from objecting now. Such timeliness arguments are inapposite. The testimony of James Archer, Jr. was taken in this matter after the close of discovery in this case and the service of the subpoena at issue. Thus, the determination that class plaintiffs are entitled to discover the contents of Texas depositions taken after the close of discovery rests on the "good cause" determination above, rather than plaintiffs' service of a prophylactic subpoena. In other words, based on the showing made, which could not reasonably have been expected by the parties, the undersigned finds that reopening discovery for the limited purpose of obtaining certain evidence in subsequent depositions is warranted. Furthermore, in light of Judge Cogan's recent extension of deadlines in this case, *see* DE 246, it appears that this provision of information can and should be accomplished without any delay in the proceeding.

To be clear, plaintiffs posit two grounds for the post-discovery deadline production of this information, only one of which is meritorious. The first, largely stemming from the alarming testimony of James Archer, Jr., is the identification of inconsistencies and impeachment material from the depositions in the Archer Action, as well as further exploring the witness tampering allegations. *See* DE 244 at 2. The second ground, a generalized notion that the deposition transcripts and exhibits may "potentially provid[e] additional information for the

---

[2] Defendants further endeavor to contest the veracity of this testimony, but that effort is beyond the purview of the instant application.

record" proves unpersuasive. *Id.* This is particularly true, where, as defendants note, Archer and the class plaintiffs are working under a joint prosecution agreement; providing additional discovery solely to complete the record creates the risk of abuse of discovery limitations in the two actions. Thus, plaintiffs are entitled only to additional evidence of inconsistencies, potential impeachment material and witness tampering.

This raises the question of identifying the portion of this material sought that should be produced. Defendants raise an issue regarding the scope of the discovery demand, observing that plaintiffs' blanket demand[3] would require the production of 39 deposition transcripts comprised of more than eight thousand pages and more than 700 exhibits. DE 247. On a similar note, one party, Kavo Kerr, raises confidentiality concerns regarding sensitive proprietary information if all of the information sought by plaintiffs is produced in a wholesale fashion.[4]

Given that that counsel for class plaintiffs are prohibited by a confidentiality order from access to the subject information, narrowing the subpoena creates a Catch-22 problem, aptly captured in Local Civil Rule 26.4(b):

> Discovery requests shall be read reasonably in the recognition that the attorney serving them generally does not have the information being sought and the attorney receiving them generally does have such information or can obtain it from the client.

And hence the problem here: class plaintiffs lack insight as to which depositions, or what portions of the testimony, could relate to the witness tampering evidence presented herein. Furthermore, because class plaintiffs and Archer & White are parties to a common interest

---

[3] In fairness to plaintiffs, the broad subpoena at issue was created prior to the existence of the subject material and plaintiffs' counsel reports making efforts to narrow the request on consent. DE 250.
[4] Kavo Kerr, along with the other defendants, have agreed that any dispute regarding the scope of production and the various confidentiality orders should be resolved in this forum. *See* DE 250-1.

agreement, defendants correctly note that Archer & White has no incentive to attempt to narrow the scope of the subpoena. Fortunately, however, both Archer & White and defendants have access to all discovery materials from the Archer Action and this case, thus, counsel for these parties should be able to craft a reasonable compromise for production to class plaintiffs' counsel of the material subject to the instant order.

As such, the Court hereby directs that counsel for all interested parties meet and confer within the next ten days to agree on the portions of the deposition transcripts and exhibits that bear on questions of inconsistencies, potential impeachment material and/or relate to the question of witness tampering raised herein. In the unlikely event that a compromise cannot be reached, the parties may make further application to the undersigned.

Prior to the production of said material, the portions of the deposition testimony and exhibits to be produced shall be identified to the attorneys for each deponent affected, which attorneys shall also be provided with a copy of this order. While all such production shall be made pursuant to the confidentiality order in effect in this matter, any other issues concerning confidentiality that cannot be resolved among the parties shall be raised with the undersigned as soon as practicable.

**SO ORDERED.**

Dated: Central Islip, New York
      December 18, 2017

                                              /s/ Gary R. Brown
                                              GARY R. BROWN
                                              United States Magistrate Judge