# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re DENTAL SUPPLIES ANTITRUST LITIGATION | No. 1:16-CV-00696-BMC-GRB<br><br>ALL CASES |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, CERTIFYING THE SETTLEMENT CLASS FOR PURPOSES OF SETTLEMENT, APPOINTING <u>CLASS COUNSEL, AND APPROVING ISSUANCE OF NOTICE TO THE CLASS</u>**

WHEREAS, Plaintiffs[1] and Defendants[2] (together, the "Parties") have entered into and executed a Settlement Agreement (the "Settlement")[3] in this Action, which, if finally approved by the Court, will result in the dismissal of all claims against Defendants with prejudice;

WHEREAS, in full and final settlement of the claims asserted against them in this Action, Defendants have agreed to pay an amount of $80 million (the "Settlement Amount");

WHEREAS, Plaintiffs, having made application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement, which sets forth the terms and conditions of the settlement of the Action against Defendants and for dismissal of the Action against each Defendant with prejudice upon the terms and conditions set forth in the Settlement;

WHEREAS, Plaintiffs have sought, and Defendants have agreed not to object to, the certification of the Settlement Class (the "Class," as defined below) solely for settlement purposes;[4]

WHEREAS, solely for settlement purposes, the Settlement Class meets the numerosity, typicality, commonality, and adequacy requirements of Rule 23(a) of the Federal Rules of Civil Procedure and the predominance requirement of Rule 23(b)(3) of the Federal Rules of Civil Procedure, and therefore, solely for settlement purposes, the Settlement Class should be certified;

---

[1] "Plaintiffs" are Arnell Prato, D.D.S., P.L.L.C., d/b/a/ Down to Earth Dental, Evolution Dental Sciences, LLC, Howard M. May, DDS, P.C., Casey Nelson, D.D.S., Jim Peck, D.D.S., Bernard W. Kurek, D.M.D., Larchmont Dental Associates, P.C., and Keith Schwartz, D.M.D., P.A.
[2] "Defendants" means Benco Dental Supply Company ("Benco"), Patterson Companies, Inc. ("Patterson"), and Henry Schein, Inc. ("Schein").
[3] The Settlement is attached as Exhibit A to the Declaration of Eric L. Cramer, Esq. in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement, for Certification of a Class for Settlement Purposes, for Appointment of Class Counsel, and to Issue Appropriate Notice to the Class ("Cramer Decl.").
[4] Defendants maintain that certification of a litigation class would be inappropriate.

WHEREAS, Class Counsel[5] have requested that they be appointed as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

WHEREAS, Plaintiffs have requested that they be appointed class representatives of the Settlement Class;

WHEREAS, Defendants do not oppose entry of this Preliminary Approval Order (the "Order");

WHEREAS, Defendants have denied and continue to deny all allegations of wrongdoing made in the Action;

WHEREAS, the Court has considered the Settlement and other documents submitted in connection with Plaintiffs' Motion for Preliminary Approval of Class Settlement, for Certification of Class for Settlement Purposes, for Appointment of Class Counsel, and to Issue Appropriate Notice to the Class;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlement, unless otherwise defined herein.

## I.    PRELIMINARY APPROVAL OF SETTLEMENT

2.    Upon review of the record, the Court finds that the Settlement resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval. Therefore, the Settlement is hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing described below. The Court preliminarily finds that the Settlement raises no obvious reasons to doubt its fairness and that there is a reasonable basis

---

[5] "Class Counsel" are Interim Co-Lead Class Counsel Berger Montague PC, Cohen Milstein Sellers & Toll PLLC, Hausfeld LLP, and Susman Godfrey LLP; plus Interim Liaison Class Counsel Radice Law Firm, P.C.

for presuming that the Settlement satisfies the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the Settlement should be given as provided in this Order.

3. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the settlements set forth in the Settlement or comply with the terms thereof. Pending final determination of whether the Settlement should be approved, each Plaintiff and each Class Member, either directly, representatively, or in any other capacity, shall be enjoined from prosecuting in any forum any Released Claim (as defined in the Settlement at Sec. II ¶¶ 25-26) against any of the Released Parties (*see id*. at Sec. II ¶ 27), and agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

## II. CERTIFICATION OF THE SETTLEMENT CLASS

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating the Settlement, the following "Settlement Class":

> All persons or entities that purchased Dental Products directly from Schein, Patterson, Benco, Burkhart, or any combination thereof, during the period beginning August 31, 2008 through and including March 31, 2016 (the "Class Period"). Excluded from the Class are Schein, Patterson, Benco, and Burkhart (including their subsidiaries, affiliate entities, and employees), and all federal or state government entities or agencies.

*See* Settlement at Sec. III ¶ 1.

5. As defined in the Settlement, the term "Dental Products" includes both Dental Supplies and dental equipment. *See* Settlement at Sec. II ¶ 10. Dental Supplies are defined as consumable Dental Products used by dentists and dental laboratories, sometimes referred to as

3

sundries or merchandise, and include items such as gloves, hand instruments, face masks, toothbrushes, anesthetic solutions, and the like. *Id.* at ¶ 11. Dental equipment includes non-consumable Dental Products used by dentists and dental laboratories that include imaging devices, dental chairs, and CAD/CAM systems. *See* Second Consolidated Class Action Complaint ("SCCAC"), ECF No. 114, at ¶ 36.

6. Solely for purposes of the Settlement, the Court preliminarily finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, as follows: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class and these common questions predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

7. All members of the Settlement Class (the "Class Members") that do not request to be excluded shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

8. Any Class Member may enter an appearance in the Action, at its own expense, individually or through counsel of its own choice. Any Class Member who does not enter an appearance will be represented by Class Counsel (as defined immediately below).

### III. CLASS COUNSEL AND CLASS REPRESENTATIVES

9. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, Interim Co-Lead Class Counsel Berger Montague PC, Cohen Milstein Sellers & Toll PLLC, Hausfeld LLP, and Susman Godfrey LLP are hereby designated as Class Counsel for the Settlement Class.

10. Plaintiffs will serve as class representatives on behalf of the Settlement Class.

### IV. ESCROW AGENT

11. The Court approves the Settling Parties' designation of Huntington National Bank as the Escrow Agent. Absent further order of the Court, the Settlement Administrator shall have such duties and responsibilities as are set forth in the Settlement.

12. The Court approves the establishment of an escrow account under the Settlement as Qualified Settlement Funds ("QSFs") pursuant to Internal Revenue Code §468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSFs.

13. The funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement and/or further order(s) of the Court.

14. In the event that the Court does not grant final approval, the Settlement Amount, plus any accrued interest, shall be returned in its entirety to Defendants (including any accrued interest thereon), less any Taxes due and expenditures made of notice and administrative costs.

5

Any payment prior to the Final Order date shall not include reimbursement for attorneys' fees or incentive awards.

## V. PLAN OF ALLOCATION AND CLASS NOTICE

15. The Court appoints Heffler Claims Group as the Settlement Administrator to assist Class Counsel in effectuating and administering the Notice Plan and the exclusion process for Class Members that wish to be excluded from the Settlement Class, and in effectuating and administering the Plan of Allocation.

16. The Court determines that notice should be provided to members of the Settlement Class. The Court approves the method of notice to be provided to the Settlement Class as set forth in Plaintiffs' Memorandum in Support and the Declaration of Jeanne C. Finegan, Apr, Concerning Ability to Provide Adequate Notice to Settlement Class Members Through Direct Notice Methods and Proposed Multi-Media Notice Program, including the use of the long-form notice published on a settlement website and available via mail upon request, short-form notice to be mailed directly to the Class, and publication notice to be disseminated through various media outlets. The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Settlement Class and to apprise them of the Action, the terms and conditions of the Settlement Agreement, their right to opt out and be excluded from the Settlement Class, and to object to the Settlement; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.

17. The Court preliminarily approves the methods of allocating the Net Settlement Fund to the Settlement Class as set forth in the Cramer Declaration and in Exhibit E thereto (the Declaration of James T. McClave, Ph.D. Concerning Proposed Dental Litigation Settlement

6

Allocation Plan). The Court finds preliminarily that the method proposed is a straightforward and equitable method of allocating the Net Settlement Fund to the Settlement Class, and that it fairly accounts for the relative strengths and weaknesses of the claims of different categories of Settlement Class Members, while ensuring that all valid Claimants receive a *pro rata* share of the Net Settlement Fund. The Court will further evaluate the proposed method of allocation at the Fairness Hearing.

18. Plaintiffs may pay up to $400,000 for notice and claims administration costs from the Settlement Fund pursuant to Sec. VII ¶ 2 of the Settlement. If the actual costs of disseminating notice and administering the Settlement exceed $400,000, Plaintiffs shall file a motion requesting Court approval for the disbursement of additional funds for notice and administration costs.

### VI. SCHEDULE FOR SERVICE OF NOTICE, MOTIONS FOR FEES AND SERVICE AWARDS, CLASS EXCLUSIONS, OBJECTIONS, AND FAIRNESS HEARING

19. The Court hereby orders the following schedule for: (a) dissemination of notice; (b) Plaintiffs' motions for attorneys' fees, expenses, and service awards for the Settlement Class representatives; (c) the deadlines for Settlement Class Members to object to the Settlement or request exclusion from the Settlement Class; (d) Plaintiffs' notice to the Court identifying persons requesting exclusion from the Class; (e) Plaintiffs' notice to the Court confirming completion of the Notice program; (f) Plaintiffs' submission of a motion and memorandum in support of final approval of the Settlement; (g) any responses by the parties to any objections; (h) a Fairness Hearing; and (i) submissions of claims by Settlement Class Members:

| Event | Timeline |
|---|---|
| Commencement of Direct Notice to the Class | Within 45 days of the Court's entry of the Preliminary Approval Order ("Order Date"). |
| Commencement of Publication Notice to the Class | Within 45 days of the Order Date. |
| Submission of motion for attorneys' fees, expenses, and service awards for the class representatives. | Within 75 days of the Order Date. |
| Deadline for Class Members to Opt Out of the Class or Object to the Settlement | Within 100 days of the Order Date. |
| Plaintiffs' Notice to Court Identifying Persons or Entities Requesting Exclusion from the Class and Completion of the Notice Program | Within 115 days of the Order Date. |
| Submission of motion and memorandum in support of final approval of the Settlement and any responses by the parties to any objections filed by and Class members. | Within 115 days of the Order Date. |
| Fairness Hearing | On a date to be set by the Court, but no earlier than 130 days from the Order Date. |
| Claims Deadline | Within 120 days of the Fairness Hearing. |

20. The Court finds and concludes that the schedule set forth above is fair to Settlement Class Members, as it provides ample time for Settlement Class Members to review the preliminary approval papers and Settlement before deciding whether to object or opt out, and it gives more than three weeks for Settlement Class Members to consider the attorneys' application for fees, expenses, and Class Representative service awards before deciding whether to object to any or all of them.

21. At the Fairness Hearing, the Court will conduct an inquiry as it deems appropriate into the fairness, reasonableness, and adequacy of the Settlement, address any objections to it, and determine whether the Settlement and the Plan of Allocation should be finally approved, whether final judgment should be entered thereon, and whether to approve any motions for attorneys' fees and service awards.

8

SO ORDERED.

DATED: _____, 2018

_____
The Honorable Brian M. Cogan
United States District Judge