RECEIVED
HON. Brian M. Cogan

MAY 2 1 2019

**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| IN RE: DENTAL SUPPLIES ANTITRUST LITIGATION | ) ) ) | No. 1:16-CV-00696-BMC-GRB ALL CASES |

---

## OBJECTION TO THE PROPOSED SETTLEMENT

COMES NOW, Dr. William Roe, ("Objector" or ~~█████████~~) (a/k/a Bill W. Roe, Jr.), by his attorney Kearney D. Hutsler, and hereby files this objection as allowed by the Court's notice of class action.

1.      The Proposed settlement is solely intended to benefit all Class Members consistent with applicable law. Thus, any such settlement must be fair, adequate and reasonable to those class members.

2.      Your Objector is a Member of the defined Class during the applicable period (see Attachment A). Objector has not, to his recollection, ever objected to any class action settlement. Objector tentatively plans to attend the fairness hearing through his attorney but does not intend to call any witnesses.

3.      On January 8, 2019, the Court gave conditional approval to an agreement between the Defendants and class representatives to settle this matter ("the Proposed Settlement.").

4.      Your Objector has received notice in the mail regarding the potential settlement of subject case, and has become sufficiently acquainted with the Proposed Settlement to believe, as well as allege, that the Proposed Settlement is not fair, adequate, nor reasonable; all of which criteria are legal standards to be applied by this

Court in determining whether to approve the Proposed Settlement as presented to the Court by the litigating parties. The parties moving for class certification have the burden of proving that all the criteria for class certification are satisfied and that the proposed settlement is fair, adequate and reasonable. *Washington Mutual Bank v. Superior Court*, 24 Cal.4th 906, 913, 922-923 (2001). The "proponents of class action settlements bear the burden of developing a record demonstrating that the settlement distribution is fair, reasonable and adequate." *Faught v. Am. Home Shield Corp., 668 F.3d 1233, 1239 (11th Cir. 2011).*

It is the duty of this Court to assure itself, as well as the class and the public, that the applicable and governing criteria material to the Proposed Settlement are present, especially in a mega-fund case like the instant matter.

5.      Your Objector enters his appearance through counsel in this cause to participate in further proceedings in this case and to prosecute this action to the end purpose that any settlement or resolution proposed or approved by the Court is, in all respects, fair, adequate and reasonable.

6.      On the basis of the information ascertained from the Notice of Settlement, conditionally approved by the Court, your Objector identifies the following specific deficiencies which should be addressed and corrected in order for any settlement to be fair and reasonable to the Settlement Class Members and thus provide adequate consideration for the general release of their substantial claims against Defendants:

> (a)      The Court must find that the proposed settlement is fair to class members. *Phillips Petroleum Co. v. Shutts*, 472 U.s. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). However, the benefits allegedly conferred upon

the class are actually less than represented.   From the $80 million settlement, the class must pay the putative class attorney's expenses and attorney fees, notice to the class, and administration of the settlement. Thus, the class and not the Defendant bears the cost of administration of the class settlement.

(b)      The class attorneys' fee application is grossly excessive. The Court should not rubberstamp Class counsel's fee request without comparing fee awards in other similar class action settlements, and engage in an examination of counsel's time records and a rational assessment of whether the fee requested is reasonable. The class attorneys are planning to make off with a whopping 33 1/3% of the $80 million based on only three years of work.   A simple reading of class attorneys' filings demonstrates that they are more interested in their fee being approved than benefits to the class; class counsel is working hard to sell the Court on granting counsels' fee petition – an exorbitant 33 1/3%.

7.      For the forgoing and following reasons, your Objector respectfully submits that the terms of the Proposed Settlement are insufficient, unfair, unjust, unreasonable and inadequate to the absent Class Members, and has been crafted heavily in class counsel's favor.

8.      The attorneys' fee, which has been applied for by class counsel is exorbitant. Attorneys' fees in this type of case are not intended to be a boon to class counsel.   The class members are the ones who are to benefit from a class action.

3

There is a distinct body of law addressing fee awards to class counsel in mega-fund cases (those over $50 million).

9.      Rather than Courts agreeing to a percentage of projected settlement value, Courts have begun taking a stronger study of mega-fund settlements, i.e. the greater the settlement value, the lower the percentage. 25%[1] is no longer automatically approved.

The Manual of Complex Litigation, 3rd, speaks to this issue:

> An award of attorneys' fees in a common fund case is committed to the sound discretion of the trial court, considering the unique factors in the case. The court awarding such a fee should articulate reasons for the selection of the given percentage sufficient to enable a reviewing court to determine whether the percentage selected is reasonable. The factors used in making the award will vary, but may include one or more of the following:
>
> · the size of the fund created and the number of persons benefitted;
> · the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel;
> · the skill and efficiency of the attorneys involved;
> · the complexity and duration of the litigation;
> · the risk of nonpayment
> · the amount of time devoted to the case by plaintiffs' counsel; and
> · the awards in similar cases.
>
> . . .
>
> While the trend has been toward the percentage method, courts continue to award attorneys' fees in some common fund cases based on the lodestar or a combination of the two methods. **Use of the lodestar may be more appropriate than the percentage of the fund method where the fund is extraordinarily large**. As with percentage fees, an award of attorneys' fees under the lodestar method should fairly compensate

---

[1] If 25% is considered at times too much in a mega-fund case, then the current 33 1/3% request is off the chart. Class counsel apparently is petitioning for 33 1/3%, thinking that they might get the hoped for 25%.

> the attorney for the reasonable value of the services beneficially
> rendered, based on the circumstances of the particular case.
> (emphasis added) *Manual for Complex Litigation, 3rd,* pp. 197-201,
> §24.121 & §24.122.

10.     Thus, there is sound basis for awarding class counsels' fee based purely on counsels' lodestar.  Regardless, should the Court be inclined to award fees based on the percentage approach, counsel should at the least be required to fully substantiate their fees by reference to the above factors listed in the *Manual for Complex Litigation.*

11.     More on point, however, is *In re: NASDAQ Market – Makers Antitrust Litigation,* U.S.D.C., So. Dist. NY, 187 F.R.D. 465; 1998 U.S. Dist. LEXIS 17557; 1998-2 Trade Cas. (CCH) p.72, 337 – In this landmark case, U.S. District Judge Robert W. Sweet did an exhaustive analysis of attorneys' fees in mega-fund cases.  The Court reasoned that the beginning point in any class action settlement in assessing fees from a common fund is to determine the true value of the settlement, and then he stated, "25% . . . is not the benchmark for mega-fund cases . . ."  "Indeed, the expectation is that 'absent unusual circumstances[2], the percentage will decrease as the size of the fund increases.'" *NASDAQ* at p. 21.

12.     The *NASDAQ* Court went on to state, "where the fund is unusually large, some Courts have used a 'sliding scale, with the percentage decreasing as the magnitude of the fund increased . . .' citing *Manual for Complex Litigation,* 3rd, §24.12 at 189, Fed. Jud. Ctr. (1995) (citations omitted) See e.g., *Branch v. FDIC,* 1998 U.S. Dist. LEXIS 7815, 1998 WL 151249 (March 23, 1998) (applying 14% to $22 million; 12% of

the next $10 million, and 5% over and above $32 million)."

13.    The *NASDAQ* Court continued, ". . . this sliding scale is explained in part by economies of scale . . . it is generally not 150 times more difficult to prepare, try and settle a $150 million case than it is to try a $1 million case.  As noted in *In re: First Fidelity Securities Litigation*, 750 F. Supp. 160 (D.N.J. 1990), 'there is considerable merit to reducing the percentage as the size of the fund increases.  In many instances, the increase is merely a factor of the size of the class and has no direct relationship to the efforts of counsel.' Id., at 164 n.1."

14.    This procedure has been adopted in the Third Circuit in *In re: Prudential Insurance Company America Sales Practice Litigation Agent Actions; et al.* U.S. Ct. App., 3rd Cir., 148 F. 3d 283; 1998 U.S. App. LEXIS 17057; 41 Fed. R. Serv. 3d (Callaghan) 596 (1998); Cert. Den. 1/1999, where the court, in a mega-fund case awarded a fee of 6.7%.

15.    Clearly, the fee request by class counsel in the present case would represent an extraordinary boon to class counsel.  The Court is urged to severely scrutinize the fee application of class counsel and, applying applicable law, disallow such a large fee award and instead carve out a substantial portion of the fee request and add it to the benefits accruing to the class.

16.    Your Objector adopts any other bona fide objections by other Class Members.

**WHEREFORE**,    having    demonstrated    the    unfairness,    inadequacy    and

---

[2] A three-year case such as the present is certainly not "unusual circumstances" as referred to by Judge Sweet.

unreasonableness of the Proposed Settlement, the Objector requests appropriate general relief as follows:

1.      That the Court deny the proposed motion for approval of the settlement.

2.      That the Court disallow the attorneys' fees as requested.

3.      That the Court enter such other and further Orders as may be necessary and just, so as to effect substantial justice in this cause between the parties and the absent Class Members.

Respectfully submitted,

Kearney Dee Hutsler
15 Richard Arrington Blvd. N., Suite 320
Birmingham, Alabama 35203
Phone No. (205) 414-9979
Fax No. (205) 879-9229

7

# ATTACHMENT A

STATE OF ALABAMA   )
JEFFERSON COUNTY )

May 13, 2019

**DECLARATION**

Before Me, the undersigned personally appeared Dr. William Roe, who after being

duly sworn did depose and state as follows:

My name is Dr. William Roe.  I practice dentistry at the below address.

This is to verify that after reviewing the class action settlement Notice in the case

pending in the United States District Court for the Eastern District of New York (Case No.

1:16-CV-00696-BMC-GRB) entitled In re: Dental Supplies Antitrust Litigation, that I am a

class member and have bought supplies from one or more of the settling defendants

during the class period.

Dr. William Roe
716 Memorial Drive
Bessemer, AL 35022

Sworn to and subscribed before me this the ___13th___ day of May, 2019.

Notary Public for the State of
Alabama at Large

My Commission Expires: ___2-15-20___

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May, 2019. I have forwarded a true and correct copy of the foregoing via U.S. Mail, to the following:

**CLERK OF THE COURT**
Clerk for the Honorable Brian M. Cogan
United States District Court for the
Eastern District of New York
Courtroom 8D S
225 Cadman Plaza East
Brooklyn, NY 11201

**CLASS COUNSEL**
Eric L. Cramer
Berger Montague PC
1818 Market Street
Suite 3600
Philadelphia, PA 19103

**DEFENDANT HENRY SCHEIN, INC. COUNSEL**
Colin R. Kass
Adrian Fontecilla
Stephen R. Chuk
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., NW
Suite 600S
Washington, DC 20004

**DEFENDANT PATTERSON COMPANIES INC. COUNSEL**
James J. Long
BRIGGS AND MORGAN, P.A.
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

**DEFENDANT BENCO DENTAL SUPPLY CO. COUNSEL**
Howard D. Scher
Samantha L. Southall
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50th S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555

Kearney D. Hutsler

8