IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

IN RE: DENTAL SUPPLIES )
ANTITRUST LITIGATION, )
) Case No. 16-CV-00696
)
)

**SUPPLEMENT TO OBJECTION**

COMES NOW Dr. William Roe, and supplements his objection to class counsel's proposed application for attorney fees by outlining the history of the "Dental Supply" litigation to show that the risk of the litigation was minimal. In support thereof, Objector shows the following:

1. In order for this Court to approve the fee request of class counsel, the Court must scrutinize the unique circumstances of each case with" a jealous regard for the rights of those who are interested in the fund." *Goldberger v. Integrated Res. Inc.*, 209 F. 3d 43, 53 (2d Cir. 2000).

2. In determining whether the requested fee is reasonable, courts use various factors including: ... (c) the risk of the litigation.... *Goldberger* at 50.

3. Your Objector shows to the Court that the risk of the litigation was low in this case.

4. The first related case Objector has found is from August 2012. Archer & White Sales Inc., a low-cost dental supplies distributor sued Henry Shein, Patterson, Benco and others for antitrust/ anti-competition conduct. This lawsuit was filed in the United States District Court

for the Eastern District of Texas. (Document 329, p. 5) (Case. No. 12-cv-00572) The parties were ordered to arbitration in 2013.

5. There after, in 2013, the Texas Dental Assn. launched an on-line supply platform with Source One Dental to help dentists with the cost of dental supplies. That year, at the Texas Dental Association annual convention, supply giants Benco, Patterson, Schein and others boycotted the convention in a coordinated protest.

6. In early 2015, after a second year of the same boycott, the Texas Attorney General filed an antitrust petition in Texas State Court against Benco. The petition alleged that Benco and other competitors agreed to 1.) Boycott the TDA meeting, 2.) Put pressure on TDA suppliers to stop supplying TDA, and 3.) Stop doing business with Source One. (attached) The case was immediately settled with Benco paying $300,000.00 to the Texas Attorney General's office and an agreement to institute an antitrust training program for the company. (news release attached)

7. Shortly thereafter, in 2015, class counsel in the instant case filed a similar antitrust lawsuit; *Source One Dental, Inc. v. Patterson Companies, et al.*, No. 15-cv-5440 in the United States District Court for the Eastern District of New York.

8 In January 2016, Class counsel filed 30 class action complaints against the dental supply defendants in various locations alleging antitrust violations.

9. In February 2016, class counsel moved to consolidate all 30 cases into this Court. This Court granted the consolidation motion, and consolidated all 30 cases to this United States District Court. See ECF No. 2. (Document 328, p. 5)

10. A review of the Exhibits for loadstar and expenses attached to Eric L Cramer's declaration (Document 329), shows that many of the related class counsel law firms advanced significant monies to the "Litigation Fund". These advances by around 30 law firms ranged from $20,000 to $300,000. One has to ask: Would 30 law firms advance that much money on risky litigation?

11. Finally, the Federal Trade Commission took notice of Defendants' activities and in 2018, brought suit against the Defendants. (Document 329, p. 6)

12. In sum, significant information from the 2012 lawsuit (Archer & White), the Texas Dental Association and the Texas Attorney General pre-dated the first lawsuit by class counsel. There was significant evidence of an anti-competitive agreement among the major dental suppliers. This lowered the risk of the litigation. Objector submits this argument and also maintains that a one-third fee is too large a percentage for this size case regardless of the risk.

Date: June 10, 2019

                                             Respectfully submitted,

                                             BY:   /s/ *Kearney Dee Hutsler*
                                                            Kearney Dee Hutsler
                                                            ASB -0254-H59K
                                                           Attorney for Objector

Of Counsel:
HUTSLER LAW FIRM
15 Richard Arrington Blvd. N.
Suite 320
Birmingham, AL 35203
Phone: (205) 414-9979
email: kdhlaw@hutslerlawfirm.com

## CERTIFICATE OF SERVICE

    I certify that I have served a copy of the above and foregoing on all counsel of record by having electronically filed the foregoing with the Clerk of Court using the CM/ECF electronic document filing system which sends notification of such filing to all attorneys of record.

**CLASS COUNSEL**
Eric L. Cramer
Berger Montague PC
1818 Market Street
Suite 3600
Philadelphia, PA 19103

DEFENDANT HENRY SCHEIN, INC. COUNSEL
Colin R. Kass
Adrian Fontecilla
Stephen R. Chuk
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., NW
Suite 600S
Washington, DC 20004

DEFENDANT PATTERSON COMPANIES INC. COUNSEL
James J. Long
BRIGGS AND MORGAN, P.A.
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

DEFENDANT BENCO DENTAL SUPPLY CO. COUNSEL
Howard D. Scher
Samantha L. Southall
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50th S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555

    /s/ Kearney Dee Hutsler
    Kearney Dee Hutsler

4/9/2015 10:21:48 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-15-001386

CAUSE NO. D-1-GN-15-001386 _____

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § § | |
| | § | TRAVIS COUNTY, TEXAS |
| v. | § § § | |
| BENCO DENTAL SUPPLY COMPANY, | § § § | |
| Defendant. | § § | 353RD ___ JUDICIAL DISTRICT |

# PLAINTIFF'S ORIGINAL PETITION

The State of Texas brings the following action against Benco Dental Supply Company:

### I. DISCOVERY CONTROL PLAN

1.1 The discovery in this case is intended to be conducted under Level 2, pursuant to Texas Rule of Civil Procedure 190.3.

### II. JURISDICTION AND VENUE

2.1 Jurisdiction and venue are proper in this Court pursuant to Article 5, Section 8 of the Texas Constitution and Tex. Bus. & Com. Code §§ 15.20 and 15.26.

### III. PLAINTIFF

3.1 Plaintiff is the State of Texas, which is represented by its Attorney General, Ken Paxton. The Texas Attorney General brings this action in his capacity as the designated enforcer of the Constitution of the State of Texas and the Texas Free Enterprise and Antitrust Act. The

1

violations of state law alleged herein have caused loss and damage and threaten loss and damage to the general welfare and economy of the State of Texas.

## IV. DEFENDANT

4.1  Benco is a for-profit corporation, organized, existing, and doing business under and by virtue of the laws of the State of Delaware, with its principal address at 295 Centerpoint Boulevard, Pittston, PA, 18640. Benco, among other things, sells consumable dental supplies to dentists throughout Texas and nationwide.

## V. RELEVANT MARKETS

5.1  The relevant product market is the sale of consumable dental supplies.

5.2  The relevant geographic market is Texas.

## VI. RELEVANT FACTS

6.1  Benco sells and distributes consumable dental supplies throughout Texas, and operates regional offices throughout the state.

6.2  Consumable dental supplies are traditionally sold through a sales model by which a distributor's sales representative interacts directly with a purchasing dentist. As a part of this business, many dental supply distributors and manufacturers participate in trade shows sponsored by organizations, such as the annual meeting sponsored by the Texas Dental Association (TDA).

6.3  The traditional dental supply distributors enjoy close relationships with one another, both personally and professionally. Many sales representatives, and even higher level employees, have previous employment relationships with other distributors. The employees interact regularly in person, at various social gatherings, and industry or trade association meetings, and remotely, through company email, personal email, personal cell phone calls, company cell phone calls, and text messaging. These close contacts provide the opportunity for

2

the sharing of competitively-sensitive information among the various distributors and manufacturers.

6.4    In October 2013, the TDA launched TDA Perks Supplies, an online sales platform, in partnership with SourceOne Dental. TDA Perks Supplies allows TDA member dentists to purchase dental supplies online, without working through a sales representative. This model allows for TDA Perks Supplies to sell TDA member dentists many dental supplies at a discount compared to the prices offered by Benco and its competitor distributors operating under the traditional sales model.

6.5    Benco and its competitor distributors understood that TDA Perks Supplies, with its potentially disruptive new business model, directly competed with them, and perceived a competitive threat based on the lower prices offered by TDA Perks Supplies for many of the same goods offered by Benco and its competitor distributors.

6.6    Building on their historic culture of cooperation and communication, Benco and its competitor distributors engaged in ongoing communications over several months about TDA Perks Supplies. They shared information about market players' reactions to the new firm's entry, they collectively developed a response, and they provided reassurances to market participants about the collective response.

6.7    The collective response to this competitive threat by TDA Perks Supplies was two-fold. Benco and its competitor distributors (1) agreed to break with their traditional pattern of attendance and boycott the annual TDA meeting held in May 2014 because they perceived that TDA had positioned itself as a competitor to the traditional distributors, and (2) agreed to pressure other distributors and manufacturers to discontinue supplying TDA Perks Supplies

3

and/or end any relationships with manufacturers or distributors that ultimately supplied TDA Perks Supplies in order to stifle the competition provided by the new TDA offering.

6.8     Pursuant to this agreement, Benco and its competitor distributors did not attend the annual TDA meeting, despite the economic gains Benco and other distributors historically derived from the event, not only from direct sales to conference attendees during the meeting, but also throughout the year through contacts and relationships fostered and developed at the meeting.

6.9     Pursuant to this agreement, Benco and its competitor distributors contacted other distributors and manufacturers to pressure those entities to discontinue any relationships that ultimately supplied TDA Perks Supplies.

6.10    As a result of this pressure, other distributors and manufacturers discontinued such relationships, causing TDA Perks Supplies to lose access to products.

## VII.   FIRST CAUSE OF ACTION

7.1     The State incorporates and adopts by reference the allegations contained in every prior paragraph of this petition.

7.2     Beginning in 2013 and continuing into 2014, Benco entered into and participated in an agreement with dental supply distributors not to attend the TDA 2014 meeting and not to do business with SourceOne Dental or its suppliers.

7.3     These agreements unreasonably restrained trade in the relevant product and geographic markets in *per se* violation of Tex. Bus. & Com. Code § 15.05(a).

## VIII.  PRAYER

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a) Adjudging and decreeing that Benco engaged in conduct in violation of Section 15.05(a) of the Tex. Bus. & Com. Code;

b) Awarding the State of Texas injunctive relief to remedy the violations alleged in this petition;

c) Awarding the State of Texas its costs of this action, including reasonable attorneys' fees and costs, as provided in Tex. Bus. & Com. Code § 15.20(b) and Tex. Gov't Code § 402.006(c)

d) Awarding the State of Texas a civil fine, as provided in Tex. Bus. & Com. Code § 15.20(a); and

e) Directing such other and further relief as the Court deems just and proper.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JOHN T. PRUD'HOMME
Division Chief
Consumer Protection Division

KIM VAN WINKLE
Section Chief
Antitrust Section

Kayna Stavast-Piper, Bar No. 24079388
David Ashton, Bar No. 24031828
Eric Lipman, Bar No. 24071869

Assistant Attorneys General

COUNSEL FOR PLAINTIFF STATE OF TEXAS

Dated: April 9, 2015

6/8/2019 Attorney General Paxton Reaches Agreement with Dental Supply Distributor over Anticompetitive Conduct | Office of the Attorney General

Case 1:16-cv-00696-BMC-GRB Document 337 Filed 06/10/19 Page 10 of 11 PageID #: 15762



(/)


Menu

English (/news/releases/attorney-general-paxton-reaches-agreement-dental-supply-distributor-over-anticompetitive-conduct)

Sobre (/es/about-office) Noticias (/es/noticias)

Opiniones (/es/opiniones-de-la-procuraduria-general)

Comuníquese con Nosotros (/es/comuniquese-con-nosotros)

🔍

INICIO (/ES) >
ATTORNEY GENERAL PAXTON REACHES AGREEMENT WITH DENTAL SUPPLY DISTRIBUTOR OVER ANTICOMPETITIVE CONDUCT

April 10, 2015 | Antitrust Action (/news/categories/antitrust-action)

# Attorney General Paxton Reaches Agreement with Dental Supply Distributor over Anticompetitive Conduct

**COMPARTA ESTO:**   0

AUSTIN – Texas Attorney General Ken Paxton today announced the settlement of an antitrust investigation into Pennsylvania-

based Benco Dental Supply Company's participation in an illegal group boycott in the dental supply market. The State filed suit in Travis County District Court alleging that Benco violated Texas antitrust law, along with an agreed final judgment prohibiting Benco from engaging in similar conduct and providing for the payment of $300,000 to the State.

"Conspiring with others to prevent the emergence of new distribution channels for goods and services is contrary to the notion of the free market and violates antitrust laws," said General Ken Paxton. "Such interference should not be tolerated in the dental supply industry or any other. The Texas Attorney General's Office will continue to ensure that companies doing business in Texas have the opportunity to compete in a free market on the merits."

The State's antitrust action stemmed from a year-long investigation into allegations that Benco and its competitors worked together to thwart the entry of a lower-cost, online source of dental supplies provided by the Texas Dental Association. The State alleged that Benco and others colluded to discourage distributors and manufacturers from working with the TDA and its business partner and agreed not to attend the TDA's annual trade show in 2014.

The State's agreement with Benco requires Benco not to participate in such anticompetitive activities in the future and institutes an antitrust training program for the company. Benco has also agreed to pay $300,000 to reimburse the Attorney General for investigative costs and attorneys' fees in lieu of any civil penalty.

View the petition (/sites/default/files/files/press/file_stamped_petition.pdf) and final judgment (/sites/default/files/files/press/benco_agreed_final_judgment.pdf)

Reciba emails actualizados Su Corr    Envíe