

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 2 5 2019 ★
BROOKLYN OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| In re DENTAL SUPPLIES ANTITRUST LITIGATION | Civil Action No.: 1:16-CV-00696-BMC-GRB<br>ALL CASES<br>Honorable Brian M. Cogan |
|---|---|

BMC

**[~~PROPOSED~~] FINAL JUDGMENT AND ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**

WHEREAS, an action is pending before this Court styled *In re Dental Supplies Antitrust Litigation*, No. 16-696-BMC-GRB (E.D.N.Y.) (the "Action");

WHEREAS, Plaintiffs[1] have moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order (1) granting final approval of the proposed Settlement Agreement with Defendants Henry Schein, Inc., Patterson Companies, Inc., and Benco Dental Supply Company ("Defendants" and the "Settlement")[2] as fair, reasonable, and adequate, and directing its consummation according to its terms; (2) granting final approval to the proposed plan of allocation; (3) finding that the notice, as implemented, satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (4) directing that action shall be dismissed with prejudice and without costs, and final judgment of that dismissal be entered; (5) directing that the release in the Settlement shall be deemed effective as of the Effective Date specified therein; (6) ordering that the Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action asserting any Release Claims under the Settlement against any Released Party; (7) ordering that rulings, orders, and judgments in this Action shall not have any res judicata, collateral estoppel, or offensive collateral estoppel effect with respect to any non-released claims; (8) retaining with the Court the exclusive jurisdiction over the Settlement, including administration and consummation of the Settlement; and (9) such other and further relief as the Court deems appropriate;

WHEREAS, the Court has considered the Settlement and other documents submitted in

---

[1] Arnell Prato, D.D.S., P.L.L.C., d/b/a/ Down to Earth Dental, Evolution Dental Sciences, LLC, Howard M. May, DDS, P.C., Casey Nelson, D.D.S., Jim Peck, D.D.S., Bernard W. Kurek, D.M.D., Larchmont Dental Associates, P.C., and Keith Schwartz, D.M.D., P.A.

[2] *See* November 12, 2018 Decl. of Eric L. Cramer, Esq. in Supp. of Plfs.' Mot. for Preliminary Approval of Class Settlement, for Certification of a Class for Settlement Purposes, for Appointment of Class Counsel, and to Issue Appropriate Notice to the Class, Exhibit A, ECF No. 310-1.

connection with Plaintiffs' Motion for Final Approval of Class Settlement and Certification of Class for Settlement Purposes, and good cause appearing therefore, IT IS HEREBY ORDERED ADJUDGED AND DECREED:

1. This Court has subject matter jurisdiction over this action and, solely for purposes of effectuating the Settlement and subject to the express limitations contained in the Settlement, personal jurisdiction over all Class Members.

2. All terms in initial capitalization used in this Final Judgment and Order shall have the same meanings as set forth in the Settlement, unless otherwise defined herein.

**FINAL APPROVAL OF SETTLEMENT**

3. Upon review of the record, including the submissions in support of the Settlement, the Court finds that the Settlement resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval.

4. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval of the Settlement on the basis that it is fair, reasonable, and adequate as to, and in the best interests of, all Class Members, within the meaning of, and in compliance with all applicable requirements of, Federal Rule of Civil Procedure 23; the Court directs the Settlement's consummation according to tis terms. In reaching this conclusion, the Court has considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 496 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Golberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). Moreover, the Court concludes as follows:

a. The Settlement was negotiated by counsel with significant experience litigating antitrust class actions and is the result of vigorous arm's-length negotiations

undertaken in good faith and with the assistance of a professional mediator experienced in complex cases;

b. This action is likely to involve contested and serious questions of law and fact, such that the value of immediate monetary recovery outweighs the uncertain possibility of future relief and protracted and expensive litigation; and

c. Class Counsel's judgment that the Settlement is fair and reasonable, and Class Members' reaction to the Settlement, are entitled to great weight.

**FINAL APPROVAL OF THE PLAN OF ALLOCATION**

5. Upon review of the record, the Court finds that the plan of allocation proposed in the November 12, 2018 Declaration of James T. McClave, Ph.D., Concerning Proposed Dental Litigation Settlement Allocation Plan, ECF No. 310-5 ("Plan of Distribution"), has a reasonable basis and is fair and adequate. Therefore, the Plan of Distribution is finally approved.

**CERTIFICATION OF THE SETTLEMENT CLASS**

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement, the following class:

> All persons or entities that purchased Dental Products directly from Schein, Patterson, Benco, Burkhart, or any combination thereof, during the period beginning August 31, 2008 through and including March 31, 2016. Excluded from the Class are Schein, Patterson, Benco, and Burkhart (including their subsidiaries, affiliate entities, and employees), and all federal or state government entities or agencies (the "Settlement Class").

7. The Court finds that the requirements of Rule 23 are satisfied solely for the purpose of effectuating the Settlement as follows:

a. Pursuant to Rule 23(a)(1), the Court determines that the Class Members are so numerous that their joinder before the Court would be impracticable;

b. Pursuant to Rule 23(a)(2), the Court determines that Plaintiffs have alleged one or more questions of fact or law common to the Settlement Class;

c. Pursuant to Rule 23(a)(3), the Court determines that Plaintiffs' claims are typical of the claims of the Class Members;

d. Pursuant to Rule 23(a)(4), the Court determines that Plaintiffs will fairly and adequately protect the interests of the Class Members;

e. Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual Class Members; and

f. Pursuant to Rule 23(b)(3), the Court determines that a class resolution is superior to other methods for the fair and efficient adjudication of the Action.

8. If the Effective Date does not occur, this certification of the Settlement Class shall be deemed null and void without the need for further action by the Court or Defendants.

## FINAL APPROVAL OF CLASS NOTICE

9. Upon review of the record, the Court finds that the Notice constituted due, adequate, and sufficient notice of the Settlement and was the best notice practicable under the circumstances, satisfying the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), due process, and any other applicable law. The Notice is therefore finally approved.

## OTHER PROVISIONS

10. The Court approves and directs the implementation of all the terms of the Settlement.

11. If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Judgement and Order certifying the Settlement Class shall be vacated *nunc pro tunc*.

12. Except as to any individual claim of those who have validly and timely requested exclusion from the Settlement Class ("Opt-Outs"),[3] all Released Parties and Releasing Parties are bound by this Final Judgment and Order and by the Settlement.

13. The Court dismisses the Action, as well as all of the Released Claims, against any of the Released Parties by the Releasing Parties, with prejudice, and the Releasing Parties are enjoined from pursuing Released Claims against the Released Parties. All parties are to bear their own costs, except as otherwise provided in the Settlement, provided that such dismissal shall not affect, in any way, the right of Releasing Parties to pursue claims, if any, outside the scope of the Released Claims.

14. Any Opt-Outs that have timely and validly requested exclusion from the Settlement Class are hereby excluded from the Settlement Class, are not bound by this Final Judgment and Order as it relates to the Settlement, and may not make any claim or receive any benefit from the Settlement, whether monetary or otherwise.

15. Upon the Effective Date, the Releasing Parties: (a) shall be deemed to have hereby fully and irrevocably waived, released, relinquished, and discharged all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim; (b) shall be forever enjoined from prosecuting in any forum any Released Claim against any Released Parties; and (c) agree and covenant not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

16. This Final Judgment and Order shall not affect, in any way, the right of Plaintiffs or the Releasing Parties to pursue claims, if any, outside the scope of the Released Claims.

---

[3] The Opt-Outs were provided to the Court on May 24, 2019 and that list is recreated in Exhibit A to this Order.

17. The Settlement, acts performed in furtherance of the Settlement, and/or documents executed in furtherance of the Settlement may not be deemed or used as evidence or an admission or other statement supporting: (a) the validity of the Released Claims; (b) any wrongdoing or liability of the Released Parties; or (c) any fault or omission of the Released Parties in any court, administrative agency, or other proceeding.

18. Any order entered regarding Plaintiffs' request for an award of attorneys' fees, expenses, and incentive awards shall in no way disturb or affect this Final Judgment and Order and shall be considered separate from this Final Judgment and Order.

19. If this Final Judgment and Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Final Judgment and Order shall be deemed vacated and shall have no force or effect whatsoever. In the event the Settlement is terminated in accordance with tis terms, is vacated, or is not approved, or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have reverted to their respective status as of the Execution Date without prejudice.

20. Without affecting the finality of this Final Judgment and Order in any way, this Court hereby retains exclusive continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of monies under the Settlement; (b) hearing and determining applications for attorneys' fees, costs, expenses, and incentive awards to Plaintiffs; and (c) the Parties for the purpose of construing, enforcing, and administering the Settlement.

21. There is no just reason for delay in the entry of this Final Judgment and Order, and immediate entry by the Clerk of the Court is directed.

IT IS SO ORDERED.

Date: Jun 24, 2019

/s/(BMC)

Honorable Brian M. Cogan
United States District Judge

# EXHIBIT A

## Class Members Excluded from the Settlement Class

1. **Mark C. Oberheim**
   2601 Wilmont Dr.
   Montoursville, Pa 17754

2. **Corinne LaPlant – St. Croix Regional Family Health Center**
   136 Mill St.
   Princeton, Me 04668

3. **Mary Lou Ramsey**
   147 Albion St.
   San Francisco, CA 94110-1116

4. **Newtown Square Family Dentistry f/k/a/ Najibe H. Dow D.M.D.**
   3111 West Chester Pike
   Newtown Square, PA 19073