**RECEIVED IN PRO SE OFFICE**
**APRIL 28, 2024, 11:42PM**
**VIA BOX.COM**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: DENTAL SUPPLIES ANTITRUST LITIGATION | Case No. 1:16-cv-00696 (BMC) |

**REQUEST TO POSTPONE THE ACCEPTANCE OF CLASS COUNSEL'S REPORT FILED ON BEHALF OF ADMINISTRATOR KROLL WHILE CLASS MEMBER SEEKS AN APPEAL**

On 4/15/2024, this Court referred my request for my share of the settlement funds to Administrator Kroll instructing the Administrator to address, by April 29, 2024, its oversight and omission of my claim from the dentists' antitrust class action lawsuit.

Class Counsel's Offer

I expected a representative from Administrator Kroll's firm (Kroll Settlement Administration, LLC) to contact me. However, surprisingly I was contacted by Class Counsel Gary Smith of Hausfeld, LLP to discuss possible resolutions to my request. In the April 26th phone call, Class Counsel Smith offered me $3,100 as compensation for my claim although I am entitled to $81,428.02 under the Plan Allocation formula. (See Docket Entry No. 366 – Computation of My Settlement Share). When asked how he arrived at such a low figure, Attorney Smith replied the $3,100 represents the billable fee that the class counsel firms would charge to file a report regarding my request. Therefore, in exchange for not billing and deducting this cost from the settlement fund, class counsel collectively have agreed to send me this amount instead, which would serve as a negotiated out-of-court settlement. No mention was made of the residual funds remaining in the settlement fund that are slated for a nonprofit charitable organization. Attorney Smith made it clear that his offer was a take-it-or-leave-it offer.[1] I declined the offer because the proposed amount was not based on the disbursement formula.

Objection to Class Counsel's Report

Attorney Smith also made it clear that in refusing the offer he will report to the court (presumably on behalf of the Administrator) that I am not entitled to any funds since the Administrator's inability to send me my share of the funds was attributable to me. According to Attorney Smith, it is claimed that I did not provide a proper address. Consequently, funds mailed to me were

---

[1] Once before, Class Counsel was unwilling to correct improperly processed claims. In 2020, the Hausfeld firm offered to issue checks to 22 objecting class members whose claims were correctly processed only if the other set of objecting class members would forgo their dispute over 94 forms improperly processed. (See Docket Entry No. 359-1, paragraphs 31-33 – Melissa Boos' Declaration).

supposedly returned undeliverable. When asked for the address listed by the Administrator, oddly Attorney Smith did not have that information available; thus, confirming my argument that my claim-information was deleted.

Aside from Class Counsel and the Administrator's unwillingness to admit to the clerical error, neither one pursued other means to track down my address, if it is true, as they claim, that the correspondence was returned as undeliverable. It should be noted that I can be reached through various means. I have corporate counsel who serves as my resident agent. According to my resident agent, he too did not receive any notices from the Administrator. In addition, all dentists are obligated to report and update their contact information to the governing medical board of the state in which we practice. Therefore, I can be located even through the state board.

Background Facts

Although Class Counsel and the Administrator claim I am unreachable, remarkably, the Administrator successfully reached me by mail in January 2020, which was the month registered class members were to complete and submit the Purchase Confirmation Forms sent by the Settlement Administrator.

The Administrator again successfully reached me by mail on June 4, 2020 (See Attachment – Admin's Ltr Sent to My PO Box)). In that mailing, the Administrator sent notification that it was removing one of the two identical claims listed in its records. It is only when the Administrator deleted the duplicative claim, thereafter I never received any further correspondence from the Administrator.

Obviously, the Administrator mistakenly deleted my entire file instead of just deleting the duplicative claim. Why else would I have been omitted from the first disbursement of settlement funds which was issued August 31, 2020, merely 60 days after the date I received Kroll's duplication notice. (Docket Entry No. 354)

Clerical Errors

The Administrator's clerical error in mistakenly deleting my account is not the only incident of clerical mistakes made by the Administrator. As gathered from the court document submitted collectively by 43 other class members, the Administrator made the following clerical errors and omissions as to their claims:

- Failing to mail forms to registered claimants
- Sending checks to wrong addresses
- Listing the wrong tax ids and omitting tax information
- Incorrectly designating class members' status as "corporate" practice instead of "private" practice

- Rolling several claims into one
- Issuing wrong payout amounts
- Using incorrect multipliers in calculating the payout amounts

(See Docket Entry No. 359-1, Boos' Motion for Supplemental Distributions)

Since it is apparent from the above examples that the Administrator has in many cases mistakenly deleted, omitted, bundled, botched and confused the records of several class members, undoubtedly, I too was a victim of the Administrator's gaffe. Otherwise, but for the mistaken deletion of my claim I would have continued to receive notices at the address on record.

Reject the Report

Based on the foregoing, I request the court to reject Attorney Smith's report and his recommendation, which falsely attributes the glitch to me. The report is incorrect and disregards the evidence I submitted.

Appeal

I also request the court to authorize $81,428.02 to be disbursed to me; or, in the alternative, to postpone any decision on the report while I file an appeal.

Date: April 29, 2024

Respectfully submitted,

*/s/ Lynnette R. Young, DMD*

1464 Bridge Point Trail
Suffolk, VA 23432
(757) 477-4829
lyoung@youngfd.net
Class Member ID: 310352W8BCSZ1
Pro Se

**In re Dental Supplies Antitrust Litigation**
**c/o Heffler Claims Group**
**P.O. Box 510**
**Philadelphia, PA 19105-0510**

PHILADELPHIA
PA 191
04 JUN '20
PM 9 L

U.S. POSTAGE PITNEY BOWES
ZIP 19152 $ 000.50⁰
02 4S
0000356586 JUN 04 2020

310352W89PGD4
LYNNETTE R YOUNG PC
2005 LYNNHAVEN PKWY
VIRGINIA BEACH, VA 23456

23456-141005

T 231 NFE 1    220C0806/11/20
: YOUNG FAMILY & COSMETIC DENTISTRY
PO BOX 56074
VIRGINIA BCH VA 23456-1074

BC: 23456107474    *2897-83934-04-41



**In re Dental Supplies Antitrust Litigation**
**c/o Heffler Claims Group**
**P.O. Box 510**
**Philadelphia, PA 19105-0510**

June 4, 2020


310352W89PGD4
LYNNETTE R YOUNG PC
2005 LYNNHAVEN PKWY
VIRGINIA BEACH, VA 23456

Class Member ID: 310352W89PGD4

Re:  *In re: Dental Supplies Antitrust Litigation*
United States District Court for the Eastern District of New York

### NOTIFICATION OF CLAIM REJECTION

Dear Claimant:

We are the Settlement Administrator for the above referenced matter and have received and reviewed your claim. The purpose of this letter is to inform you of our claim determination.

**Your claim has been rejected as duplicative. You submitted two identical claims; one will be accepted, and this duplicative claim will be rejected.**

If you feel this determination was made in error, you must return your response to the address on this letterhead postmarked no later than June 25, 2020. However, because all applicable deadlines have passed, we will not review new documentation that has not previously been submitted in the claims process. This is an opportunity to inform us why our prior determination was incorrect based upon the materials previously provided to us, not to supplement your claim with new, untimely information.

**If we do not receive your response postmarked by June 25, 2020, we will recommend to the Court the rejection of your claim as described above without further notice.**

If you have any questions, please reference yourself as a Dental Supplies claimant with your Class Member ID noted above. Feel free to contact us via mail at the address on this letterhead, via telephone at 1-844-367-8807, or via e-mail through the 'Contact' section of the official Settlement website, *www.DentalSuppliesAntitrustClassAction.com*.

Sincerely,
Heffler Claims Group
Settlement Administrator